IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,         )
                                  )
            Plaintiff,            )
                                  )
v.                                )         No.  08-10002-19-WEB
                                  )
DANIEL CARBAJAL,                  )
                                  )
            Defendant.            )
                                  )

**<u>Memorandum and Order</u>**

This matter came before the court on January 8, 2009, for sentencing.  At the sentencing

hearing, the court heard testimony and arguments concerning the defendant's request for a

sentence of community confinement or home detention.  The court orally denied the request at

the sentencing hearing.  This written memorandum will supplement the court's oral rulings.

I. ***<u>Background</u>***.

The Presentence Report noted that the defendant was responsible for four kilos of

cocaine in addition to the one kilo found in his possession at the time he was arrested.  *See* Doc.

319, ¶ 4.  Based upon this conduct and the other relevant considerations, the Probation Office

determined that the offense level was 27, the Criminal History Category was I, and the advisory

guideline range for the offense was 70-87 months' imprisonment.  Neither party filed any

objections to the Presentence Report.

The defendant filed a Sentencing Memorandum stating that both parties agreed a

downward variance to a sentence of 57 months would be reasonable.  Defendant further argued

that a sentence of community confinement or home detention, rather than imprisonment, would

be a reasonable sentence under the factors in 18 U.S.C. § 3553(a).  The defendant presented

testimony at the sentencing hearing from his wife and from his employer, both of whom testified

concerning the defendant's devotion to his family and his work, particularly since his arrest.

II. ***Discussion.***

Pursuant to Section 3553(a), the court is required to impose a sentence sufficient, but not

greater than necessary, to comply with a number of purposes, including the need for the sentence

imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide

just punishment for the offense; to afford adequate deterrence to criminal conduct;

to protect the public from further crimes of the defendant; and to provide the defendant with

needed educational or vocational training, medical care, or other correctional treatment in the

most effective manner.  In so doing, the court must consider the nature and circumstances of the

offense and the history and characteristics of the defendant;  the purposes of sentencing set forth

above;  the kinds of sentences available;  the kinds of sentence and the sentencing range

established for the offense under the applicable sentencing guidelines;  policy statements of the

Sentencing Commission;  the need to avoid unwarranted sentence disparities among defendants

with similar records who have been found guilty of similar conduct; and the need to provide

restitution to any victims of the offense.

Based on the factors in Section 3553(a), including the advisory guideline range, the court

finds that a sentence of 57 months' imprisonment is sufficient, but not greater than necessary, to

meet the purposes of sentencing.  The instant offense is serious in nature.  The defendant's

conduct was not a one-time deal, but occurred over a period of months.  Although the

defendant's employment and family support are commendable, the defendant is still responsible

for an offense involving the potential distribution of 5 kilos of Cocaine, and the court must take that factor into account in sentencing.  The court concludes that a 57-month imprisonment sentence is necessary to reflect the seriousness of the offense, to afford adequate deterrence, and to avoid unwarranted disparities among other defendants who commit similar offenses.

III.  *Conclusion*.

Defendant's Motion for Extension of Time (Doc. 377) is denied as moot.  Dfendant's memorandum and argument requesting a variance is GRANTED IN PART and DENIED IN PART as set forth above.  IT IS SO ORDERED this   9th   Day of January, 2009, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
United States Senior District Judge

3